IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,      )
                               )
            Plaintiff,         )      **CRIMINAL ACTION**
                               )
v.                             )      No.  03-10220-01
                               )
ROGER D. TUCKER,               )
                               )
            Defendant.         )
_____)

**MEMORANDUM AND ORDER**

On December 17, 2003, defendant was charged in a two-count indictment with knowing possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  Defendant was arraigned and Timothy J. Henry, one of the federal public defenders, was appointed to represent him.  Shortly thereafter, Mr. Henry was permitted to withdraw due to Mr. Henry's prior representation of another client whose interests were adverse to defendant's.  Jon S. Womack, a member of this court's CJA panel, was appointed in Mr. Henry's stead.  Mr. Womack filed a number of motions on defendant's behalf which were heard and decided in May 2004.

On June 3, 2004, a superseding indictment was filed.  The only change was that the number of rounds of ammunition charged in count 2 was raised from 26 to 29.  Defendant apparently was not arraigned on the superseding indictment, perhaps because problems arose between defendant and Mr. Womack (including threats of physical harm by defendant against Mr. Womack) which culminated in a motion for a  psychiatric examination and evaluation filed by the

government on June 25, 2004. An order granting the motion was signed on July 1, 2004 and defendant was transferred for an examination. Following completion of the examination, a hearing was held on November 15, 2004 finding defendant competent to stand trial. Thereafter, Mr. Womack filed more motions on behalf of defendant which were heard and ruled upon in January 2005.

Trial began on March 2, 2005. On the morning of trial, defendant demanded to represent himself on the basis that he was dissatisfied with Mr. Womack's representation. The court held an extended hearing and reluctantly granted defendant's request. Mr. Womack continued to served as defendant's stand-by counsel. The case proceeded to trial and on March 4, 2005, the jury returned a verdict of not guilty on the firearm charge but guilty on the ammunition charge. Shortly after the trial, due to defendant's continued and totally unjustified complaints regarding Mr. Womack, as well as defendant's threats against Mr. Womack, the court relieved Mr. Womack of his appointment and reappointed the federal public defender to act as stand-by counsel in connection with defendant's sentencing which was scheduled for May 23, 2005. Mr. Henry re-entered his appearance for this limited purpose. Defendant, proceeding pro se, filed a number of motions which the court took up on the day set for sentencing. For reasons which the record will reflect, the court continued defendant's sentencing until June 20, 2005 to attempt to clarify and resolve some of the matters raised by defendant. The probation office was directed to prepare a supplemental addendum addressing some of the matters raised by defendant.

-2-

Between May 23 and June 20, 2005, defendant, proceeding pro se, filed a motion to dismiss count two of the superseding indictment and a supplemental motion to dismiss.  He did not file any objections to the addendum.

On June 20, 2005, the court held a hearing, the purpose of which was to allow defendant to make any final arguments on his pending motions, his objections to the presentence report and in mitigation of punishment.  At the conclusion of the hearing, the court overruled all of defendant's objections and imposed the maximum sentence of 120 months confinement, three years supervised release, a fine of $5,000 and a special assessment of $100. Contemporaneous with the imposition of sentence, the court relieved Mr. Henry of his reappointment as defendant's stand-by counsel. The court informed defendant that the clerk would file a notice of appeal on defendant's behalf and it would be up to the court of appeals to decide the matter of counsel to represent defendant on appeal.

Attached hereto as Exhibit A is a copy of the court's docket sheet which memorializes the events just summarized.

The purpose of this memorandum and order is to document the court's ruling on defendant's motions and objections to the presentence reports.

<u>Motion to Dismiss (Docs. 83 and 87)</u>

This motion was filed after the initial sentencing hearing. There is no authority under the Federal Rules of Criminal Procedure for such a post-verdict motion.  The court seems to recall a statement by defendant during one of his lengthy arguments that

Fed. R. Crim. P. 34 authorizes such a motion.  If so, the motion was untimely.  The grounds set forth in the motion speak for themselves and will not be summarized or discussed herein.  None have any merit whatsoever.  The indictment stated offenses and the court had jurisdiction.  Defendant's motion to dismiss is denied.

Motion for New Trial (Doc. 76)

Defendant moved for a new trial on the basis of three errors: he was denied (1) a speedy trial, (2) the right to present a defense  and (3) was not arraigned on the superseding indictment.

A court may grant a motion for a new trial "if the interest of justice so requires."  Fed. R. Crim. P. 33.  A motion for a new trial is "not regarded with favor and is granted only with great caution, being addressed to the sound discretion of the court." U.S. v. Allen, 554 F.2d 398, 403 (10th Cir. 1977)(noting U.S. v. Perea, 458 F.2d 535, 536 (10th Cir. 1977)).

A.   Violation of Defendant's Right to a Speedy Trial

Defendant argues that the delay due to the court ordered psychiatric evaluation resulted in a violation of his right to a speedy trial.  Evaluations to determine the mental competency of a defendant are considered periods of excludable time as provided by 18 U.S.C. § 3161(h)(1)(A).  Therefore, defendant's right to a speedy trial was not violated.  United States v. Taylor, 353 F.3d 868, 869 (10th Cir. 2003).

B.   Denying Defendant the Right to Present a Defense at Trial

The court adheres to its in-trial rulings on this claim of error.  Defendant was not permitted to present an illegitimate defense.  See United States v. Solomon, 339 F.3d 1231 (10th Cir.

-4-

2005).

   C.   <u>Failure to Arraign Defendant on the Superseding Indictment</u>

      Arraignment must be conducted in open court and consist of (1) ensuring that defendant has a copy of the indictment, (2) reading the indictment to defendant or stating to him the substance of the charge and (3) asking him to plead to the indictment.   Fed. R. Crim. P. 10.   The general purpose of arraignment is to ensure that defendant has knowledge of the proceedings and the charges against him.   However, formal arraignment is not always required.   "[T]he general rule is that arraignment under Rule 10 is not necessary when the defendant knows what he is accused of and is able to adequately defend himself."   <u>U.S. v. Hart</u>, 457 F.2d 1087, 1089 (10th Cir. 1972)(noting <u>Garland v. State of Washington</u>, 232 U.S. 642, 645 (1914)).

      In the present case, defendant was charged by indictment with two counts:   Count 1 charged possession of a firearm.   Count 2 initially charged possession of 26 rounds of .22 caliber ammunition.   (Doc. 1).   A superseding indictment was filed June 3, 2004.   (Doc. 33).   Count 1 remained the same.   Count 2 was amended to charge possession of 29 rounds of .22 caliber ammunition.   In other words, the only change was the number of rounds of ammunition.

      From the date of the superseding indictment to the date of the trial, defendant filed several motions, both by counsel and pro se. None of the motions suggested that defendant did not understand the charges.   Ultimately, defendant represented himself and secured an acquittal on count 1.   The superseding indictment was read to the

-5-

jury in defendant's presence and was set out verbatim in the instructions.   At no time did defendant question, complain about or even mention amended count 2.   As near as the court can determine from defendant's convoluted presentation, his complaint now is that he was prejudiced because he could not point out to the jury the differences between the two indictments.   The court does not recall that this was an issue at trial.   In any event, defendant had more than sufficient opportunity to defend himself and was not prejudiced by lack of formal arraignment on the superseding indictment.   <u>See</u> <u>U.S. v. Mancias</u>, 350 F.3d 800, 807 (8th Cir. 2003)(stating that because Mancias had sufficient notice, adequate opportunity to present a defense, and filed a motion to suppress and a motion to dismiss, there was no prejudice from the failure to be formally arraigned).

<u>Objections to the Presentence Report</u>

On May 23, 2005, the court took up defendant's objections to the original addendum to the presentence report, a copy of which is attached as Exhibit B.   At the May 23 hearing, defendant spoke at length with respect to the objections (approximately 2-2½ hours).   As the record will bear out, defendant's explanations of his objections were difficult to understand, to say the least.   Out of an abundance of caution, the court instructed the probation office to prepare a second addendum for the purpose of attempting to address some of the matters raised by defendant.   A copy of the second addendum, which incorporates both defendant's objections to the original addendum and matters raised at the sentencing hearing, is attached as Exhibit C.   Defendant reviewed the second addendum

-6-

but did not make any additional written objections.  At the June 20, 2005, the court permitted defendant to make additional argument on his objections but denied defendant's request to make new objections.  As the record will amply demonstrate, defendant, if permitted, would (and did) make endless, convoluted and frequently nonsensical arguments.  The court adopts the probation officer's responses to defendant's objections 1-7 with the following additional comments.  Fed. R. Crim. P. 32(i)(3)(B).

## Objection Number One

The Tenth Circuit has consistently held that a defendant's prior felony convictions need not be charged and proved to a jury beyond a reasonable doubt in a prosecution under 18 U.S.C. § 924. United States v. Moore, 401 F.3d 1220 (10th Cir. 2005).  At the June 20 sentencing hearing, defendant argued that the Supreme Court's decision in Shepard v. United States, 125 S. Ct. 1254 (2005) changed this rule.  The Tenth Circuit has rejected this interpretation of Shepard.  United States v. Pineda-Rodriquez, 2005 WL 1030453 (10th Cir. May 4, 2005).

## Objection Number Two

The court records attached hereto as Exhibits D and E clearly refute defendant's contentions that prior convictions set forth in ¶¶ 51 and 52 of the presentence report are the same case. Nevertheless, the court has not considered the objection because defendant's criminal history category would be level VI even if the convictions, in fact, were the same case.

## Objection Number Three

As shown by the journal entry of judgment attached as Exhibit

-7-

F, defendant's conviction in case number 88-CR-02472 was for robbery, not aggravated robbery. Interestingly, Tim Henry represented defendant in that case when he was state public defender. Once again, however, the court did not consider the matter in determining defendant's sentence.

Objection Number Four

The court did not consider defendant's aliases in determining his sentence.

Objection Number Five and Six

United States v. Alessandroni remains good law in the Tenth Circuit, United States v. Groves, 369 F.3d 1178, 1187 (10th Cir. 2004). But even if use of the prior case for purposes of calculating defendant's total offense level and defendant's criminal history category could be considered double counting, the court's ultimate sentence would be the same. Even if the cases were not considered for the purpose of calculating defendant's criminal history category, he would still have a criminal history category of VI.

Objection Number Seven

The court did not consider the substance of the reports attached as Exhibits G, H, I and J except to note their existence after defendant raised an objection.

Objection Number Eight

The court finds that it would be an abuse of his discretion to grant a downward departure in this case. When the sentencing factors set forth in 18 U.S.C. § 3553 and applicable provisions of Chapter 5 of the now advisory guidelines are considered, it is

-8-

readily apparent that defendant deserves the maximum allowable sentence.  Because the court's sentence of 120 months coincides with the statutory maximum, an upward departure is not possible. If an upward departure was possible, the court would depart upward to the statutory maximum.

A copy of this memorandum and order shall be appended to the presentence report as required by Fed. R. Crim. P. 32(i)(3)(C).

IT IS SO ORDERED.

Dated this __28th__ day of June 2005, at Wichita, Kansas.


s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE